UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARTIN C. GOLUB, ) | |
| ) | |
| v. ) | No.  1:09-cv-380-DFH-DML |
| ) | |
| UNITED STATES  SECRET SERVICE, ) | |
|    et al., ) | |
| ) | |
|         Defendants. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. Plaintiff's motion to file a correction and amendment of motion (dkt 37) is **granted**.

2. Plaintiff's "motion to add an addendum to plaintiff filed motion correct an error in plaintiff's pleadings, motion for relief and reconsideration from the court order pursuant to *Federal Rules of Civil Procedure* 60(b)(1) (b)(4), relief from judgment or order and to correct a deficient error in plaintiff pleadings," (dkt 42) is **granted**. The parties may refer to the Entry of July 16, 2009 for explanations as to the rulings made therein.

3. Plaintiff's motions to correct error in plaintiff's pleadings (dkt 40 and dkt 43) are **denied** because the manner in which he seeks to amend his pleadings would not yield a viable claim, and consequently, the proposed amendment would be an unwarranted and futile gesture. See *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991)("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs."). This ruling is made in part based on the absence of any tendered amended complaint setting forth a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"). The requests to reinstate any of the dismissed defendants is **denied**.

4. Plaintiff's motions for default judgment (dkt 45 and 46) are **denied**. The reasons for this ruling are the following:

   a. The plaintiff seeks a default judgment prior to an entry of default, but he is not permitted to bypass the necessary step of obtaining an entry of default. *Peak v. District of Columbia,* 236 F.R.D. 13, 15 (D.D.C. 2006) (explaining that "Rule 55 sets forth a two-step process for a party seeking default judgment. A plaintiff must first obtain an entry of default from the clerk of the court, and then she may seek an entry of default judgment. 10A Fed. Prac. & Proc. Civ. 3d § 2682 (stating that '[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry

of default as provided by Rule 55(a)') (some internal citations omitted).

    b.    The plaintiff seeks an entry of default against defendants who have been dismissed from the case.

    c.    Plaintiff seeks default based upon service of a deficient summons, that being a summons not designating the United States Attorney General as a recipient.

    d.    Plaintiff seeks default based on an unpersuasive effort to discount the effect of the appearance of counsel on behalf of the named defendants.

    e.    Plaintiff seeks a default despite the extension of time granted to the named defendants on July 30, 2009.

5.    Plaintiff's notice to object defendants' motion to enlarge (dkt 46) is treated as a motion to reconsider the order of July 30, 2009, and as so understood the motion is **denied.** The extension of time granted in the order of July 30, 2009 was fully justified by the motion seeking that relief.

6.    Plaintiff's motion for relief and reconsideration (dkt 47) is **denied** for the reason explained in paragraph 5 of this Entry and for the additional reason that the limitations sought on representation of actual or putative defendants by the United States Attorney are based only on the plaintiff's speculation.

**IT IS SO ORDERED.**

Date: August 27, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Martin C. Golub
8275 Craig Street, #140
Indianapolis, IN 46250

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov