UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARTIN C. GOLUB,                )
                                )
            Plaintiff,          )
                                )
v.                              )   No. 1:09-cv-380-TWP-TAB
                                )
ROGER GOODES, et al.,           )
                                )
            Defendants.         )

**Entry Discussing Motion for Reconsideration**

For the reasons explained in this Entry, the plaintiff's motion for reconsideration must be **denied.**

**Discussion**

In its Entry of February 8, 2010, the court denied plaintiff Martin Golub's motions for default judgment against the "Jane Doe" defendants and defendants Diane Smith, Melanie MacKenzie, Johnson, and McKenzie. Golub seeks reconsideration of this ruling.

Golub initially challenges the court's dismissal of the "Jane Doe defendants." No matter how else designated, claims against named defendants have not been dismissed. While it is true that defendants Diane Smith, Melanie MacKenzie, Johnson, and McKenzie, who Golub also identifies as "Jane Doe," have not been dismissed, claims against anonymous defendants were dismissed in the Entry of July 16, 2009. The dismissal of defendants identified only as "Jane Doe" was appropriate because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff."[1]

---

[1] *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Golub also challenges the court's denial of his motions for default. These motions were denied based on the court's determination that the record did not show service of process on defendants Diane Smith, Melanie MacKenzie, Johnson, and McKenzie in a manner sufficient to enter default. The premise of Golub's motion to reconsider is that service is sufficient under Indiana law if a copy of the summons and complaint is delivered to a defendant's place of employment and received by a person at that place of employment who is not the defendant and who is not authorized to accept service of process on behalf of the defendant. This premise is configured to fit the service he has attempted here, but is not an accurate statement of Indiana law. On the contrary, Indiana cases in which a similar showing was made concluded that service of process was *not* effective.[2]

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence.[3] Golub has not shown that the court committed an error of fact or law. He has not presented any newly discovered evidence. Accordingly, his motion for reconsideration (dkt 124) is **denied.**

**IT IS SO ORDERED.**

Date: 08/31/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2] *See Kelly v. Bennett*, 732 N.E.2d 859, 861 (Ind.Ct.App. 2000) (service by Sheriff at defendant's business address would have been appropriate only if the defendant or his agent had been personally served or if a copy of the summons and complaint had been left at his dwelling house or usual place of abode); *LaPalme v. Romero*, 621 N.E.2d 1102, 1105 (Ind. 1993) (service was not effective when the process server simply left a copy of the summons and complaint with the manager of the company where the defendant worked, not with the defendant personally or at his home).

[3] *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

Distribution:

Jill Z. Julian
jill.julian@usdoj.gov

William Lance McCoskey
william.mccoskey@usdoj.gov

Martin C. Golub
8275 Craig St. #140
Indianapolis, IN 46250