UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARTIN C. GOLUB, )
)
        Plaintiff, )
v. ) No. 1:09-cv-380-TWP-TAB
)
ROGER GOODES, et al., )
)
        Defendants. )

**Entry Discussing Motion to Dismiss**

For the reasons explained in this Entry, the defendants' motion to dismiss must be **granted.**

**Background**

This is an action by Martin Golub against the United States and individual agents of the United States Secret Service ("USSS"). The defendant individuals are identified as Roger Goodes; Special Agent Douglas Lehman; Walter "Buddy" Byrnes; Jane Doe #1 Diane Smith, aka Dianne Edwards; Jane Doe #2 Melanie Mackenzie, aka Melanie Vanderloop, aka McKenzie; Jane Doe #3 Johnson; and Jane Doe #4 McKenzie (a Nickname). Golub alleges that the defendants have subjected him to illegal surveillance and have unlawfully failed to investigate and cease these activities. The defendants move to dismiss on various grounds. The central legal principles which guide resolution of the motion to dismiss are the following:

> !     This Circuit adheres to the substantiality doctrine expressed by Judge Flaum in *Ricketts v. Midwest National Bank,* 874 F.2d 1177 (7th Cir. 1989). This means that a claim must have a minimum plausibility to support jurisdiction, *Dozier v. Loop College, City of Chicago,* 776 F.2d 752, 753 (7th Cir. 1985), and is based on the recognition that "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts. . . ." *Crowley Cutlery Company v. United States,* 849 F.2d 273 (7th Cir. 1988); *see also Harrell v. United States,* 13 F.3d 22 (7th Cir. 1993)("[F]rivolousness is an independent jurisdictional basis for dismissing a suit.").

! A complaint may be dismissed on the basis of the substantiality doctrine if it "clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). To dismiss for lack of substantiality, the court must find that the case is "absolutely devoid of merit" or "no longer open to discussion." *Id.* (quoting *Hagans v. Lavine*, 415 U.S. at 536-39 (1974) (citing cases)).

! A complaint may also be dismissed for failure to state a claim upon which relief can be granted. Rule 8(a) of the *Federal Rules of Civil Procedure* states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 12(b)(6) of those same *Rules* authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose, "all well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. The allegations in the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Hale v. Victor Chu,* 2010 WL 3075619, *2 (7th Cir. 2010) (internal quotations and citations omitted).

! To survive a motion to dismiss under Rule 12(b)(6), a complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560-63 (2007)). "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly,* 550 U.S. at 557). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)).

! "Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act ["FTCA"] . . . [which] permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

! "The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)) (internal citations omitted). "To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States,* 326 F.3d 911, 912 (7th Cir. 2003).

- The FTCA, 28 U.S.C. § 1346(b), effects a limited waiver of the United States' sovereign immunity. Pursuant to this statute, the United States is not immune from suit for common law torts, but remains immune from suit for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994)("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *Russ v. United States*, 62 F.3d 201, 204 (7th Cir. 1995). The only proper defendant in an action pursuant to the FTCA is the United States itself. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982).

- *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Thus, to maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987).

- A *Bivens* claim may be brought only against individuals. It may not be brought against the United States or its agencies. *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). Indeed, "the point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *Sterling v. United States* , 85 F.3d 1225, 1228-29 (7th Cir. 1996); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

- "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise . . . .").

- A *Bivens* claim is asserted against a defendant in his or her individual capacity only, not against the United States. *F.D.I.C. v. Meyer*, 510 U.S. at 484-85. By contrast, a claim for injunctive relief cannot be brought against government employees in their individual capacities, however, because it is only in their official capacities that injunctive relief can be granted. *Greenawalt v. Indiana Department of Correction,* 397 F.3d 587 (7th Cir. 2005).

In applying the foregoing standard, the Supreme Court continues to recognize that *pro se* pleadings are "to be liberally construed" and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)(internal quotations omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams,* 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982)).

## Discussion

The defendants seek dismissal of Golub's complaint based on the principles reviewed above.

### *Substantiality*

First, the defendants argue that Golub's complaint should be dismissed because it fails for lack of substantiality. Mr. Golub alleges that the defendants have used "thru the wall surveillance" devices to record audio or video footage of him during medical examinations, in various stages of undress, and during periods of worship. The Court finds that these surveillance allegations are indeed delusional. Any claim based on these surveillance allegations is "absolutely devoid of merit," is wholly insubstantial and frivolous, and is therefore dismissed.

Not all of his complaint, however, is tainted by this deficiency. Golub also contends that the defendants' failure to investigate his allegations of illegal surveillance violates the Constitution and ethical or procedural obligations that require enforcement action by the defendants.

### *FTCA*

The defendants also argue that Golub's claims brought pursuant to the FTCA and *Bivens* are barred by the United States' sovereign immunity. This is true as to any claim against the defendant individuals in their official capacities, because "[o]fficial capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985), and is also true as to any claim against the United States for asserted constitutional torts.

Accordingly, Golub's constitutional tort claims against the United States and any claims brought pursuant to the FTCA against the defendant individuals must be dismissed.

### *Failure to State a Claim*

Golub's remaining *Bivens* claims against the defendant individuals focus on what these defendants (as USSS agents and employees) should be doing and how they should be doing it. These claims, however, do not rest on any duty owed by the USSS to Golub. The kind of agency action that Golub challenges here, the failure to investigate or take enforcement action against certain alleged illegal activities, is a decision generally committed to an agency's absolute discretion. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (citations omitted). These claims lack facial plausibility.

Golub's common law tort claims against the United States for negligent and intentional infliction of emotional distress and "duty to care" remain. Golub has failed to provide a plausible factual basis to support these claims and they must be dismissed.

## Conclusion

The defendants' motion to dismiss (dkt 114) is **granted.**[1] Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/10/2010

*(signature)*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jill Z. Julian
jill.julian@usdoj.gov

William Lance McCoskey
william.mccoskey@usdoj.gov

Martin C. Golub
8275 Craig St. #140
Indianapolis, IN 46250

---

[1] The plaintiff's motion for reconsideration (dkt 127) is **denied** for the same reasons his motion for reconsideration filed February 17, 2010, was denied.