## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

MARTIN C. GOLUB,                    )
                                    )
                    Plaintiff,      )
v.                                  )          No. 1:09-cv-380-TWP-TAB
                                    )
ROGER GOODES, et al.,               )
                                    )
                    Defendants.     )

## E N T R Y

Mr. Golub requests that the undersigned recuse herself based on his perception that she is biased against him.

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). The request for recusal, such as it is, has been fully considered.

Mr. Golub requests recusal based on 28 U.S.C. § 455. 28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists.

Under 28 U.S.C. § 455(b)(1) a judge must recuse herself when she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

Here the plaintiff infers that the undersigned is biased against him based on the court's conclusion that the plaintiff's allegations that the defendants used "thru the wall surveillance" devices to record audio or video footage of him during medical examinations, in various stages of undress, and during periods of worship are "indeed delusional." The plaintiff contends that this ruling indicates the court is biased against him as a disabled person with bi-polar disorder. This contention does not support recusal under either §

455(a) or § 455(b)(1). The ruling was not based on any bias against the plaintiff or his stated condition, but simply upon a review of the complaint, the motion to dismiss, and the response to the motion to dismiss. A reasonable, well-informed observer would not question the undersigned's impartiality based on this ruling. Further, this ruling does not indicate any actual bias or prejudice on the part of the undersigned.

The plaintiff also suggests that the denial of his motion for default indicates that the undersigned is impartial. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Such rulings are proper grounds for appeal, not for recusal. *Id.* The plaintiff's dissatisfaction with this ruling is not sufficient to support recusal.

As stated in *New York City Housing Development Corporation v. Hart,* 796 F.2d 976, 980-81 (7th Cir. 1986):

> A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.,* 763 F.2d 304, 308-09 n.2 (7th Cir. 1985), a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *See also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981).

The disqualification of a judge is a serious matter and must not be based on conjecture or mere opinion of a party or of parties. A reasonable question concerning this judge's impartiality simply is not raised by the plaintiff's filing. There is no close call to make in this case.

Based on the foregoing, Mr. Golub's request that the undersigned recuse herself (dkt 139) is **denied**.

**IT IS SO ORDERED.**

Date: ___12/30/2010_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jill Z. Julian
jill.julian@usdoj.gov

William Lance McCoskey
william.mccoskey@usdoj.gov

Martin C. Golub
8275 Craig St. #140
Indianapolis, IN 46250